FILED

MAY - 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
2   Jonathan D. Selbin (State Bar No. 170222)
    250 Hudson Street, 8th Floor
3   New York, NY 10013
    Telephone: (212) 355-9500
4   Facsimile: (212) 355-9592

5   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
6   Daniel M. Hutchinson (State Bar No. 239458)
    Alison Stocking
7   Embarcadero Center West
    275 Battery Street, 29th Floor
8   San Francisco, California 94111-3339
    Telephone: (415) 956-1000
9   Facsimile: (415) 956-1008

DAVID P. MEYER &
ASSOCIATES CO., LPA
David P. Meyer
Matthew R. Wilson
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

10

11  *Attorneys for Plaintiff and the Proposed Class*

12                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
13                   SAN FRANCISCO / OAKLAND DIVISION

EMC

14                          CV 11              2257

15  SHERI L. BYWATER on behalf of herself       Case No. _____
    and all others similarly situated,
16
                    Plaintiff,
17                                               **CLASS ACTION COMPLAINT FOR
         v.                                      DAMAGES AND INJUNCTIVE RELIEF
18                                               PURSUANT TO 47 U.S.C. § 227 *ET SEQ.*
    JPMORGAN CHASE BANK, N.A. and                (TELEPHONE CONSUMER
19  CHASE BANK USA, N.A.,                        PROTECTION ACT)**

20                  Defendants.                  CLASS ACTION

21                                               **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

Plaintiff Sheri L. Bywater (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (hereinafter referred to as "Chase" or "the Company" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephones without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

## JURISDICTION AND VENUE

2.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District because Plaintiff Bywater has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4.      Plaintiff Sheri L. Bywater is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Castro Valley, California.

1         5.     On information and belief, Plaintiff alleges that JPMorgan Chase Bank,

2    N.A. is, and at all times mentioned herein was, a national banking association with its primary

3    business address in the State of Ohio, and does business throughout the country, including this

4    District.

5         6.     On information and belief, Plaintiff alleges that Chase Bank USA, N.A. is,

6    and at all times mentioned herein was, a national banking association with its primary business

7    address in the State of Delaware, and does business throughout the country, including this

8    District.

9         7.     On information and belief, JPMorgan Chase Bank, N.A. and Chase Bank

10   USA, N.A. are wholly-owned subsidiaries of JPMorgan Chase & Co. ("JPM"), a Delaware

11   corporation with its principal executive offices in New York, and leading global financial services

12   firm.

13                    **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

14                    **(TCPA), 47 U.S.C. § 227**

15        8.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47

16   U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding

17   certain telemarketing practices.

18        9.     The TCPA regulates, among other things, the use of automated telephone

19   equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii)

20   prohibits the use of autodialers to make any call to a wireless number in the absence of an

21   emergency or the prior express consent of the called party.[2]

22        10.    According to findings by the Federal Communication Commission

23   ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA,

24   such calls are prohibited because, as Congress found, automated or prerecorded telephone calls

25   are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be

26   -----

27   [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

28   [2] 47 U.S.C. § 227(b)(1)(A)(iii).

1    costly and inconvenient. The FCC also recognized that wireless customers are charged for

2    incoming calls whether they pay in advance or after the minutes are used.[3]

3        11.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it

4    confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on

5    behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of

6    the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only

7    if the wireless number was provided by the consumer to the creditor, and that such number was

8    provided during the transaction that resulted in the debt owed."[5]

9                            **FACTUAL ALLEGATIONS**

10       12.    At all times relevant, Plaintiff Bywater was an individual residing in the

11   State of California. Plaintiff Bywater is, and at all times mentioned herein was, a "person" as

12   defined by 47 U.S.C. § 153(10).

13       13.    On or around March 17, 2004, Plaintiff Bywater took out a mortgage to

14   cover the purchase of a home.

15       14.    In Plaintiff Bywater's Uniform Residential Loan Application, she did not

16   list any cellular telephone number.

17       15.    Plaintiff Bywater did not list a cellular phone number in or on any other

18   documents at any time during the transaction that resulted in the debt owed to Chase, nor did she

19   verbally provide Chase with a cellular phone number at any time during the transaction that

20   resulted in the debt owed to Chase.

21       16.    Chase is, and at all times mentioned herein was, a "person", as defined by

22   47 U.S.C. § 153(10).

23       17.    Notwithstanding the fact Plaintiff did not provide Chase with her cellular

24   number at any time during the transaction that resulted in the debt owed to Chase, Chase

25
_____

26   [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
     [4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer
27   Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
28   [5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

921144.1                              - 3 -                    CLASS ACTION COMPLAINT

1    repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received repeated,

2    harassing calls at all hours of the day. Because these calls were prerecorded, Plaintiff had no

3    ability to request that the calls end or to voice her complaints to a real person.

4         18.    All telephone contact by Chase to Plaintiff on her cellular telephone

5    occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and

6    all calls that are the subject of this Complaint occurred within four years of the filing of this

7    Complaint.

8         19.    The telephone calls placed by Chase to Plaintiff's cellular telephone via the

9    automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47

10   U.S.C. § 227(b)(1)(A).

11        20.    The telephone number that Chase used to contact Plaintiff, with a

12   "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular

13   telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14        21.    The complained of telephone calls constituted calls not for emergency

15   purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16        22.    "During the transaction that resulted in the debt owed," Plaintiff did not

17   provide a wireless number to Chase nor otherwise provide express consent to receive prerecorded

18   calls by Chase on Plaintiff's cellular telephone.[6]

19        23.    Plaintiff did not provide "express consent" allowing Chase to place

20   telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed

21   by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

22        24.    Chase did not make telephone calls to Plaintiff's cellular phone "for

23   emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic

24   telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

25        25.    Chase's telephone calls to Plaintiff's cellular phone utilizing an "artificial

26   or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency

27

28   ---

     [6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

     921144.1                              - 4 -                    CLASS ACTION COMPLAINT

1    purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §

2    227(b)(1)(A).

3           26.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory

4    Ruling, the burden is on Chase to demonstrate that Plaintiff provided express consent within the

5    meaning of the statute.[7]

6                        **CLASS ACTION ALLEGATIONS**

7           27.    Plaintiff brings this action on behalf of herself and on behalf of all other

8    persons similarly situated (hereinafter referred to as "the Class").

9           28.    Plaintiff proposes the following Class definition, subject to amendment as

10    appropriate:

11
12
13
14
> All persons within the United States who received a non-emergency
> telephone call from Chase, regarding a mortgage owned and/or
> serviced by Chase, to a cellular telephone through the use of an
> automatic telephone dialing system or an artificial or prerecorded
> voice and who did not provide prior express consent for such calls
> during the transaction that resulted in the debt owed.

15    Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and

16    are members of, the Class. Excluded from the Class are Chase and any entities in which Chase

17    has a controlling interest, Chase's agents and employees, the Judge to whom this action is

18    assigned and any member of the Judge's staff and immediate family, and claims for personal

19    injury, wrongful death and/or emotional distress.

20           29.    Plaintiff does not know the exact number of members in the Class, but

21    based upon the representations of Chase as to its market share, Plaintiff reasonably believes that

22    Class members number at minimum in the tens of thousands. This Class size includes consumers

23    holding mortgages owned and/or serviced by Chase and all other persons who Chase (mis)dialed

24    regarding a mortgage owned and/or serviced by Chase.

25           30.    Plaintiff and all members of the Class have been harmed by the acts of

26    Chase.

27           31.    This Class Action Complaint seeks money damages and injunctive relief.

28    [7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

32. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Chase.

33. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Chase made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Chase can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Chase's conduct was knowing and/or willful;

    d. Whether Chase is liable for damages, and the amount of such damages; and

    e. Whether Chase should be enjoined from engaging in such conduct in the future.

34. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Chase to comply with the TCPA.

1      The interest of Class members in individually controlling the prosecution of separate claims

2      against Chase is small because the statutory damages in an individual action for violation of the

3      TCPA are small. Management of these claims is likely to present significantly fewer difficulties

4      .than are presented in many class claims because the calls at issue are all automated and the Class

5      members, by definition, did not provide the prior express consent required under the statute to

6      authorize calls to their cellular telephones.

7      37.     Chase has acted on grounds generally applicable to the Class, thereby

8      making final injunctive relief and corresponding declaratory relief with respect to the Class as a

9      whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA

10     violations complained of herein are substantially likely to continue in the future if an injunction is

11     not entered.

12                            **CAUSES OF ACTION**

13                                **FIRST COUNT**

14    **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
                                 **47 U.S.C. § 227 *ET SEQ*.**
15

16      38.     Plaintiff incorporates by reference the foregoing paragraphs of this

17     Complaint as if fully set forth herein.

18      39.     The foregoing acts and omissions of Chase constitute numerous and

19     multiple negligent violations of the TCPA, including but not limited to each of the above cited

20     provisions of 47 U.S.C. § 227 *et seq.*

21      40.     As a result of Chase's negligent violations of 47 U.S.C. § 227 *et seq.*,

22     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and

23     every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

24      41.     Plaintiff and Class members are also entitled to and do seek injunctive

25     relief prohibiting Chase's violation of the TCPA in the future.

26      42.     Plaintiff and Class members are also entitled to an award of attorneys' fees

27     and costs.

28

## SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

43.     Plaintiff incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

44.     The foregoing acts and omissions of Chase constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

45.     As a result of Chase's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

46.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Chase in the future.

47.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.     As a result of Chase's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B.     As a result of Chase's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     Injunctive relief prohibiting such violations of the TCPA by Chase in the future;

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.     An order certifying this action to be a proper class action pursuant to

1    Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the

2    Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and

3    appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

4              F.      Such other relief as the Court deems just and proper.

5

6    Dated: May 6, 2011                      By:  /s/ Jonathan D. Selbin
                                                  Jonathan D. Selbin
7
                                              LIEFF, CABRASER, HEIMANN &
8                                             BERNSTEIN, LLP
                                              Jonathan D. Selbin
9                                             Email: jselbin@lchb.com
                                              250 Hudson Street, 8th Floor
10                                            New York, NY  10013
                                              Telephone: (212) 355-9500
11                                            Facsimile: (212) 355-9592

12                                            LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                                              Daniel M. Hutchinson
13                                            Email: dhutchinson@lchb.com
                                              Alison Stocking
14                                            Email: astocking@lchb.com
                                              Embarcadero Center West
15                                            275 Battery Street
                                              San Francisco, California 94111-3339
16                                            Telephone: (415) 956-1000
                                              Facsimile: (415) 956-1008
17
                                              DAVID P. MEYER & ASSOCIATES CO., LPA
18                                            David P. Meyer
                                              (pro hac vice application to be filed)
19                                            Email: dmeyer@dmlaws.com
                                              Mathew R. Wilson
20                                            (pro hac vice application to be filed)
                                              Email: mwilson@dmlaws.com
21                                            1320 Dublin Road, Ste. 100
                                              Columbus, Ohio 43215
22                                            Telephone: (614) 224-6000
                                              Facsimile: (614) 224-6066
23
                                              Attorneys for Plaintiff Bywater and the Proposed Class
24

25

26

27

28

921144.1                                     - 9 -                    CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: May 6, 2011                                      By: */s/ Jonathan D. Selbin*
                                                             Jonathan D. Selbin

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
Alison Stocking
Email: astocking@lchb.com
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

DAVID P. MEYER & ASSOCIATES CO., LPA
David P. Meyer
(*pro hac vice* application to be filed)
Email: dmeyer@dmlaws.com
Matthew R. Wilson
(*pro hac vice* application to be filed)
Email: mwilson@dmlaws.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Bywater and the Proposed Class*

921144.1                                     - 10 -                            CLASS ACTION COMPLAINT